**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM OMAR MEDINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-1057** |
| | : | |
| **ALLENTOWN POLICE DEPT, DET.** | : | |
| **SAL APRILE, SGT. ERIC STAUFFER,** | : | |
| **DAVE MUSSEL** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                 **March 31, 2023**

Allentown Police Officers arrested William Omar Medina on March 12, 2019, released him, and arrested him again on March 14, 2019 arising from their findings of probable cause related to Mr. Medina's presence at a motel where he entered and exited a stolen vehicle and his involvement in two robberies. He plead no contest to the robbery charges. But frequent litigant Mr. Medina, who admittedly suffers from post-traumatic stress disorder and depression, has now filed his fourth complaint challenging these same arrests. He again sues the Allentown Police Department, officers he has sued before, and now the District Attorney. He claims new evidence based on his understanding of a transcript entry for an upcoming hearing which he construes as vacating his conviction. We must screen his complaint under Congress's mandate. Mr. Medina does not state a claim for relief. We dismiss his claims with prejudice against the Allentown Police Department and the District Attorney and against the officers in their official capacities. We also dismiss his claims against the officers in their individual capacities for failing to state a claim. We grant him leave to file an amended complaint against the officers if he can do so consistent with good faith investigation of the facts and consistent with those alleged in his earlier cases.

**I.     Alleged *pro se* facts and matters of public record.[1]**

Allentown Police Officer Sal Aprile and Sergeant Eric Stauffer searched Super 8 Motel Room 233 in Allentown, Pennsylvania on March 12, 2019.[2] Officer Aprile encountered Mr. Medina while in the parking lot, searched him, and arrested him the same day.[3] Officer Aprile then placed Mr. Medina in investigative detention.[4]

Both Sergeant Stauffer and Officer Aprile completed an Affidavit of Probable Cause two days later.[5] While Officer Aprile reported he saw Mr. Medina near a stolen vehicle, Sergeant Stauffer reported he saw Mr. Medina entering, exiting, and fleeing a stolen vehicle.[6] Mr. Medina disputes the truthfulness of Sergeant Stauffer's account. Mr. Medina alleges he never fled from the stolen vehicle; he merely remained in the parking lot to pick up car parts for his girlfriend.[7] Officer Aprile also found brass knuckles on Mr. Medina's person.[8]

Officer Aprile and Sergeant Stauffer also arrested Mr. Medina's nephew Koby Rivera on March 12, 2019.[9] Two days later, Sergeant Stauffer showed Mr. Rivera an affidavit which stated a victim died by a homicide in an armed robbery.[10] Mr. Rivera confessed to his involvement in two armed robberies and also implicated Mr. Medina in the two armed robberies.[11]

Officers arrested Mr. Medina for the two armed robberies on March 14, 2019.[12] District Attorney David Mussel prosecuted Mr. Medina for the robberies.[13] Mr. Medina pled nolo contendere to his robbery charges on October 19, 2021.[14]

### *Mr. Medina repeatedly challenges these arrests in our Court.*

Mr. Medina is now trying for the fourth time to plead the Allentown Police Department, Officer Sal Aprile, Sergeant Eric Stauffer, and District Attorney Mussel violated his constitutional rights when arresting him on March 12, 2019 and March 14, 2019.[15] Mr. Medina first sued Allentown Police Department on November 16, 2020 for the March 12 and 14, 2019 arrests

2

claiming excessive force, excessive force on a non-party, unlawfully searching a hotel room, and coercing a nonparty confession.[16] We explained Mr. Medina could not proceed on a civil rights claim against the Allentown Police Department because it is not a person subject to civil rights liability, he did not adequately plead an excessive force claim, and he did not have standing to sue on his nephew's behalf.[17] We abstained from hearing Mr. Medina's Fourth and Fifth Amendment claims under *Younger* because of the pending state court proceedings.[18] We dismissed Mr. Medina's Complaint with leave to amend to name a person and state a cognizable claim.[19]

Mr. Medina timely amended his Complaint on January 8, 2021 bringing civil rights claims against the Honorable Douglas G. Reichley under the Eighth Amendment for failing to reduce excessive bail, District Attorney Mussel under the Fifth and Sixth Amendments for failing to diligently bring him to trial, Defense Attorney Sean Poll for ineffective assistance of counsel, and an indiscernible claim against Sergeant Stauffer.[20] We dismissed his claims against Judge Reichley and District Attorney Mussel because they are immune for conduct within their judicial and prosecutorial capacity.[21] We dismissed Mr. Medina's ineffective assistance of counsel claim against Defense Attorney Poll because it is not actionable under section 1983.[22] And we dismissed Mr. Medina's claims against Sergeant Stauffer because he did not state a legally cognizable claim.[23] We also dismissed an intentional infliction of emotional distress claim because Mr. Medina did not allege outrageous conduct.[24] We granted Mr. Medina leave to file a second amended Complaint.[25]

Mr. Medina filed a second amended Complaint on February 16, 2021 suing Allentown Police Department, Sergeant Stauffer, and Officer Aprile for excessive force, excessive force on a non-party, unlawfully searching a hotel room, unlawful arrest, coercing a nonparty confession, and using a coerced nonparty confession against him.[26] We again dismissed all claims against

3

Allentown Police Department because it is not subject to civil rights liability.[27] We dismissed all claims against Sergeant Stauffer and Officer Aprile except Mr. Medina's excessive force claim for the March 12, 2019 arrest.[28] Mr. Medina tried his excessive force claim in our court and our jury found Sergeant Stauffer did not use excessive force against Mr. Medina during his March 12, 2019 arrest.[29]

Mr. Medina now tries *again* to bring civil rights claims against Allentown Police Department, Sergeant Stauffer, Officer Aprile, and District Attorney Mussel for both of his March 2019 arrests. Mr. Medina now alleges on February 16, 2021 during a suppression hearing Officer Aprile testified: (1) Mr. Medina had no involvement in criminal activity during the March 12, 2019 encounter; (2) a flyer used to identify Mr. Medina did not depict Mr. Medina; and (3) before the arrest "he did not know who [Mr. Medina] was until Mr. Medina complied with an order to get down on the ground[.]"[30]

Mr. Medina alleges Sergeant Stauffer falsified two affidavits for probable cause leading to his March 12, 2019 and March 14, 2019 arrests.[31] Mr. Medina claims "[n]ewly discovered evidence" from a civil trial shows Sergeant Stauffer falsified an affidavit stating Mr. Medina entered, exited, and fled a stolen vehicle Mr. Rivera drove on March 12, 2019.[32] Mr. Medina alleges "no nexus" exists between himself and the car to charge him for the stolen car.[33] And he argues "[n]ewly discovered evidence" shows Sergeant Stauffer falsified another affidavit to incorrectly say a robbery victim died and used the affidavit to coerce a confession from Mr. Rivera, implicating Mr. Medina in two armed robberies.[34]

Mr. Medina alleges the state court "vacated" his robbery charges on February 10, 2023 because of a false affidavit and for lack of probable cause.[35] But Mr. Medina's docket does not reflect his understanding. The docket Mr. Medina attaches to his Complaint instead shows Judge

4

Reichley scheduled what appears to be a post-conviction relief evidentiary hearing on February 10, 2023 for April 14, 2023 which is circled with a handwritten note stating "vacated sentence."[36] Mr. Medina also alleges District Attorney Mussel unlawfully prosecuted him for these charges.[37]

## II.    Analysis

Mr. Medina *pro se* sues the Allentown Police Department, Officer Aprile, Sergeant Stauffer, and District Attorney Mussel.[38] He alleges they violated his civil rights under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*.[39] He also alleges a negligence action under the Federal Tort Claims Act in 28 U.S.C. § 1346 against the United States.[40] He does not allege facts asserting cognizable claims under *Bivens* or the Federal Tort Claims Act because he does not name the United States as a party in his action. We summarily dismiss those unpled claims.

Mr. Medina alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights under section 1983.[41] He does not allege facts asserting a cognizable claim for Eighth Amendment violations. We liberally construe Mr. Medina as attempting to allege false arrest, false imprisonment, and malicious prosecution claims under the Fourth and Fourteenth Amendments arising from arrests on March 12, 2019 and March 14, 2019. Mr. Medina alleges he also suffered an abuse of process, intentional infliction of emotional distress, medical negligence for two surgeries he received for chronic tonsillitis, and mental health issues including post-traumatic stress disorder and depression for which he is currently being treated.[42] Mr. Medina seeks damages for his incarceration, prosecutorial misconduct, and intentional infliction of emotional distress.[43]

We must screen these allegations for merit before issuing summons as Mr. Medina knows from his earlier cases. Congress in 28 U.S.C. § 1915A requires we screen the incarcerated Mr. Medina's Complaint.[44] Congress requires we must "review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[45] On review, we must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or … seeks monetary relief from a defendant who is immune from such relief."[46] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915A(b)(1).[47] A complaint containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" meets the Rule 12(b)(6) standard.[48] We accept all facts in Mr. Medina's Complaint as true and construe those facts in light most favorable to him to determine whether he states a claim to relief plausible on its face.[49] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a *pro se* litigant's pleadings particularly where the *pro se* litigant is imprisoned."[50] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[51] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[52]

### A. Mr. Medina cannot sue the Allentown Police Department.

Mr. Medina again sues the Allentown Police Department.[53] We dismissed all claims against the Allentown Police Department with prejudice in our February 25, 2021 Order and instructed Mr. Medina in our December 30, 2020 Order he may not proceed on civil rights claims against the Allentown Police Department.[54] But he tries again. We again dismiss all claims against the Allentown Police Department with prejudice.

6

Congress allows constitutional claims under 42 U.S.C. § 1983.[55] "To state a claim under § 1983, [Mr. Medina] must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law."[56] Courts routinely conclude a municipal police department is not a proper defendant in a section 1983 action because it is not a "person."[57] The Court in *Monell v. Department of Social Services of City of New York* held a local government is a "person" subject to liability under section 1983 but "[a] police department is a sub-unit of local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions."[58] "A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate independent entity."[59]

Mr. Medina does not plead facts showing the City of Allentown violated his constitutional rights. Even if Mr. Medina pled sufficient facts, the Allentown Police Department is not a separate entity from the City of Allentown and is not a person subject to civil rights liability. We again dismiss all claims against the Allentown Police Department with prejudice.

### B. Mr. Medina cannot sue Officer Aprile and Sergeant Stauffer in their official capacities.

Mr. Medina alleges Officer Aprile and Sergeant Stauffer violated his Fourth Amendment rights in their official capacities as municipal police officers. We dismiss all official capacity claims against Officer Aprile and Sergeant Stauffer with prejudice.

Claims against police officers in their official capacity are indistinguishable from claims against the entity employing the officer.[60] "Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"[61] While municipalities may be liable as a "person" under section 1983 for its own illegal acts, it cannot be

7

vicariously liable under section 1983 for their employees' actions.[62] Mr. Medina must identify the policies or customs of the municipality causing an alleged constitutional violation.[63]

Mr. Medina's claims against Officer Aprile and Sergeant Stauffer in their official capacities as municipal employees are claims against the City of Allentown. Mr. Medina does not allege a policy or custom of the City of Allentown violated his constitutional rights. We dismiss Mr. Medina's claims with prejudice because he cannot sue Officer Aprile or Sergeant Stauffer in their official capacities.

### C. Mr. Medina fails to plead false arrest claims against Officer Aprile and Sergeant Stauffer in their individual capacities.

Mr. Medina sues Officer Aprile and Sergeant Stauffer in their individual capacities for violating his Fourth Amendment rights when arresting him without probable cause on March 12, 2019 and March 14, 2019. We dismiss his false arrest claims with leave to amend to allege sufficient facts of an alleged false arrest.

#### 1. Mr. Medina fails to allege sufficient facts for his March 12, 2019 false arrest claim.

Mr. Medina claims Officer Aprile lacked probable cause for his March 12, 2019 arrest. We dismiss his false arrest claim for his March 12, 2019 arrest with leave to amend.

To bring a claim under section 1983 for false arrest, Mr. Medina must allege facts establishing an arrest without probable cause.[64] Probable cause exists when "facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."[65] Mr. Medina must allege facts suggesting the officers "lacked probable cause to believe he committed the offense" leading to his arrest.[66] Vague and conclusory allegations of false arrest are insufficient to state a plausible claim for relief.[67] "'[B]are-bones' allegations of falsehoods and fabrications" are not enough to sufficiently allege officers lack probable cause.[68]

We are persuaded by Judge Quinones Alejandro's reasoned decision in *Jacobs v. Zampiri* dismissing a false arrest claim under section 1915(e)(2)(B)(ii) for failing to state a plausible claim.[69] Judge Quinones Alejandro explained "[w]hile Jacobs affirmatively alleges that he was arrested without probable cause, he does not describe the *facts and circumstances* surrounding his arrest in a manner that would support a conclusion that probable cause was lacking for any of the crimes for which he was arrested."[70] Mr. Medina must allege sufficient facts and circumstances supporting his conclusion Officer Aprile lacked probable cause for his arrests.

Mr. Medina alleges Officer Aprile lacked probable cause for his March 12, 2019 arrest because Officer Aprile testified at a suppression hearing Mr. Medina had no involvement in criminal activity during the encounter. Mr. Medina does not allege other facts to establish Officer Aprile lacked probable cause to arrest him. We must accept Mr. Medina's factual allegations as true.[71] But we are not obligated to credit his legal conclusions.[72] Mr. Medina does not plead sufficient facts surrounding his arrest to support his legal conclusion Officer Aprile did not have probable cause to arrest him. And although Mr. Medina claims Officer Aprile charged him with possessing brass knuckles stemming from the March 12, 2019 arrest, he has failed to allege facts about whether these charges are still pending in state court or if they have been dropped.

We dismiss Mr. Medina's false arrest claim against Officer Aprile for his March 12, 2019 arrest with leave to amend if he can do so in good faith.

### 2. Mr. Medina fails to allege sufficient facts for his March 14, 2019 false arrest claim.

Mr. Medina claims Officer Aprile and Sergeant Stauffer lacked probable cause to arrest him on March 14, 2019 for the two armed robberies because Sergeant Stauffer falsified the affidavit and coerced a confession from Mr. Rivera using another a false affidavit. We dismiss Mr. Medina's false arrest claim for his March 14, 2021 arrest with leave to amend.

"[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the officer 'knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'"[73] Judge Mannion in *Dennis v. Evans* dismissed a section 1983 claim for false arrest because the arrestee concluded the officers lacked probable cause since the affidavit contained a false statement.[74] Judge Mannion found merely stating "in a conclusory fashion" the affidavit contained false statements insufficient to bring a claim for false arrest because the arrestee failed to allege which statements were false, what information the officer omitted, and why the statement is false.[75] Judge Pappert in *Santiago v. Hulmes* similarly dismissed a claim where three individuals only offered conclusory statements to support their claims officers did not have probable cause.[76]

Mr. Medina pled nolo contendere to his robbery charges stemming from his March 14, 2019 on October 19, 2021.[77] A nolo contendere is a "no contest" plea, and it is "equivalent to a plea of guilty" in Pennsylvania.[78] In *Heck v. Humphrey*, the Supreme Court held an individual could not recover damages under section 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."[79] Our Court of Appeals has held a plea of nolo contendere is considered a conviction under *Heck*.[80] Since Mr. Medina has failed to allege facts showing his March 14, 2019 charges were reversed, expunged, or invalidated – and instead only provides a conclusory statement Judge Reichley vacated his sentence on February 10, 2023, which is disputed by the docket attached to his Complaint – his false arrest and false imprisonment claims are barred by *Heck*.

10

But Mr. Medina baldly alleges the state court vacated his conviction contrary to a fair language of a docket entry scheduling a hearing. Even if Mr. Medina could show his false arrest claim has been vacated and thus not barred by *Heck*, Mr. Medina fails to plead sufficient facts for his March 14, 2019 false arrest claim. Mr. Medina first alleges officers lacked probable cause for his arrest because Sergeant Stauffer's statement Mr. Medina entered, exited, and fled a stolen car on March 12, 2019 in the affidavit is false. Mr. Medina concludes there is "no nexus" between himself and the stolen car but does not allege facts to support his legal conclusion.[81] He does not allege why Sergeant Stauffer's statement is false, why he believes there is no connection between him and the stolen car, or what he believes actually happened on March 12, 2019.[82] Mr. Medina only alleges "newly discovered evidence" from "civil trial No. 20-5734" reveals Sergeant Stauffer falsified the affidavit.[83] Mr. Medina does not identify the new evidence or what information is false.

Mr. Medina repeats Officer Aprile's alleged testimony Mr. Medina had no involvement in criminal activity on March 12, 2019 to argue lack of probable cause for the March 14, 2019 arrest but does not provide context. Mr. Medina alleges the state court "vacated" his case relating to his March 14, 2019 arrest as a result of a "false affidavit [and] no probable cause" on February 10, 2023.[84] But the docket entry Mr. Medina circles and attaches to his Complaint is an Order for an evidentiary hearing scheduled for April 14, 2023 with a handwritten note indicating a "vacated sentence[.]"[85] Mr. Medina offers no details regarding the February 10, 2023 hearing and does not identify the affidavit.

Mr. Medina further alleges the officers lacked probable cause for his March 14, 2019 arrest for the two robberies because Sergeant Stauffer made another false statement in another affidavit and used it in coercing a confession from Mr. Rivera. Mr. Medina alleges the statement a robbery

11

victim died is incorrect. He does not allege sufficient facts to support his conclusion the statement in the affidavit is false. Although he alleges newly discovered evidence reveals Sergeant Stauffer falsified this affidavit, he does not identify the newly discovered evidence or the false information.

Mr. Medina also alleges the false statement led to a coerced confession from Mr. Rivera implicating Mr. Rivera in the two armed robberies. Parties generally "do not have standing to raise a third-party's Fifth Amendment violations for their own defense."[86] Mr. Medina does not have standing to bring a claim on Mr. Rivera's behalf for a coerced confession.[87]

Mr. Medina does not allege sufficient facts and circumstances surrounding his March 12, 2019 or March 14, 2019 arrests to show Officer Aprile or Sergeant Stauffer lacked probable cause to arrest him. Conclusory statements stating the officers' allegations are false are not sufficient to state a plausible claim.[88] Mr. Medina alleges two statements in two affidavits are false but does not plead why the statements are false to establish the officers lacked probable cause for his arrest. More context is needed to discern a factually sufficient section 1983 claim for false arrest based on the allegedly false affidavits. Although we construe Mr. Medina's allegations liberally, he "is not absolved from complying with . . . the federal pleading requirements merely because []he proceeds *pro se*."[89]

We dismiss Mr. Medina's false arrest claim for his March 14, 2019 arrest with leave to amend if he can do so in good faith.

### D. Mr. Medina fails to plead false imprisonment claims against Officer Aprile and Sergeant Stauffer in their individual capacities.

We liberally construe Mr. Medina as pleading Officer Aprile and Sergeant Stauffer violated Mr. Medina's Fourth and Fourteenth Amendment rights when wrongfully incarcerating him. We dismiss his false imprisonment claims with leave to amend.

12

"A false imprisonment claim under 28 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law."[90] "[W]here the police lacked probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."[91] A claim for false imprisonment based on a false arrest "is grounded in the Fourth Amendment's guarantee against unreasonable seizures."[92] To bring a successful false imprisonment claim Mr. Medina must allege sufficient facts to show the arrest lacked probable cause.[93] The Supreme Court in *Baker v. McCollan* "made it clear an arrest based on probable cause could not become the source of a claim for false imprisonment."[94] Judge Mannion in *Dennis v. Evans* dismissed a false imprisonment claim where an arrestee claimed an affidavit contained false statements which led to his false arrest and false imprisonment.[95] But the arrestee failed to plead sufficient facts to support his false arrest claim—he did not show his arrest lacked probable cause.[96] We face similar facts here.

Mr. Medina challenges his imprisonment stemming from both arrests. But Mr. Medina fails to sufficiently allege facts showing his arrests lacked probable cause. His false imprisonment claims for both arrests must fail. And Mr. Medina cannot proceed on this claim in any event unless he can plead facts allowing us to plausibly infer the state court reversed, expunged, or invalidated his state court convictions. He instead only provides a conclusory statement Judge Reichley vacated his sentence on February 10, 2023, which is disputed by the docket attached to his Complaint. His false arrest and false imprisonment claims are barred by *Heck* today.

We dismiss Mr. Medina's false imprisonment claims for his arrests with leave to amend if he can do so in good faith after confirming the state court vacated his

## E. Mr. Medina fails to plead claims against District Attorney Mussel because he is immune.

Mr. Medina again sues District Attorney Mussel for false imprisonment and malicious prosecution. We again dismiss his claims with prejudice.

Prosecutors are state actors absolutely immune from section 1983 liability for actions performed within the scope of their duties in initiating and pursuing criminal prosecution.[97] "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . seeks monetary relief from a defendant who is immune from such relief."[98]

Mr. Medina claims he suffered an abuse of process as a result of prosecution. He alleges Judge Reichley vacated his case on February 10, 2023 "for false affidavit [and] no probable cause."[99] But Judge Reichley issued an Order scheduling a post-conviction relief evidentiary hearing on February 10, 2023.[100] Mr. Medina provides no additional context. He fails to plead a section 1983 claim against District Attorney Mussel for false imprisonment or malicious prosecution because District Attorney Mussel is absolutely immune from claims against him as a result of prosecuting Mr. Medina.

We dismiss Mr. Medina's claims against District Attorney Mussel for false imprisonment and malicious prosecution with prejudice.

**F.  Mr. Medina does not plead intentional infliction of emotional distress.**

Mr. Medina claims he suffered an intentional infliction of emotional distress because of the false arrests, false imprisonment, and malicious prosecution. We dismiss his claim with leave to amend.

Under Pennsylvania law, "[t]he elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another."[101]

Mr. Medina does not plead facts showing Officer Aprile or Sergeant Stauffer engaged in extreme and outrageous conduct. We dismiss his intentional infliction of emotional distress claim with leave to amend if he can do so in good faith.

### G. Mr. Medina does not plead medical negligence.

We liberally construe Mr. Medina as attempting to plead medical negligence for two surgeries he received for tonsillitis because of COVID-19. But he does not bring this claim against named parties. Without more, we cannot discern a legally cognizable claim from this allegation. We dismiss his medical negligence claim with leave to amend.[102]

### III.   Conclusion

We dismiss all claims against the Allentown Police Department, Officer Aprile and Sergeant Stauffer in their official capacities, and District Attorney Mussel with prejudice. We dismiss Mr. Medina's remaining claims against Officer Aprile and Sergeant Stauffer in their individual capacities with leave to amend. We dismiss Mr. Medina's medical negligence claim with leave to amend because Mr. Medina did not name a party or allege sufficient facts supporting his claim.

---

[1] We may take judicial notice of publicly available records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). We derive facts from Mr. Medina's Complaint (ECF Doc. No. 3), and publicly available records including Mr. Medina's Amended Complaint in *Medina v. Allentown Police Department*, No. 20-5734 (ECF Doc. No. 11), where he sues the Allentown Police Department, Sergeant Eric Stauffer, and Officer Sal Aprile, alleging more detailed facts related to the same March 12, 2019 and March 14, 2019 arrests at issue here.

[2] No. 20-5434, ECF Doc. No. 11 at 1–2.

[3] ECF Doc. No. 3 at 4; No. 20-5734, ECF Doc. No. 11 at 1–2.

---

[4] ECF Doc. No. 3 at 4

[5] *Id*. at 4–5.

[6] ECF Doc. No. 3 at 4; No. 20-5734, ECF Doc. No. 11 at 2–4.

[7] ECF Doc. No. 3 at 5.

[8] *Id*. at 4.

[9] ECF Doc. No. 3 at 4–5; No. 20-5734, ECF Doc. No. 11 at 3.

[10] ECF Doc. No. 3 at 4–5; No. 20-5734, ECF Doc. No. 11 at 3.

[11] ECF Doc. No. 3 at 4–5; No. 20-5734, ECF Doc. No. 11 at 3.

[12] ECF Doc. No. 3 at 4–5.

[13] *Id.* at 5.

[14] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[15] ECF Doc. No. 3. Mr. Medina previously sued the Allentown Police Department and Sergeant Stauffer and Officer Aprile alleging the officers applied excessive force and illegally searched the hotel room. *See Medina v. Allentown Police Department*, No. 20-5734 (ECF Doc. No. 11). Mr. Medina also sued Warden Lauren Kuykendall of Lehigh County Community Corrections Center and Warden Janine Donate of Lehigh County Prison for First and Eight Amendment violations. We dismissed his claims for failing to allege sufficient facts to support his claims. *See* No. 20-5734, ECF Doc. No. 13.

[16] No. 20-5734, ECF Doc. No. 1.

[17] No. 20-5734, ECF Doc. No. 7 at 2–3.

[18] *Id.* at 3–4. Under *Younger*, "abstention is appropriate where there are ongoing state proceedings that are: (1) judicial in nature; (2) implicate important state interests; and (4) afford an adequate opportunity for presentation of the constitutional claims." *Miles v. Zech*, 788 Fed. App'x 164, 167 (3d Cir. 2019) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[19] No. 20-5734, ECF Doc. No. 7 at 1.

[20] No. 20-5734, ECF Doc. No. 8.

[21] No. 20-5734, ECF Doc. No. 9 at 7–8.

[22] *Id.* at 8.

[23] *Id.*

[24] *Id.* at 8–9.

[25] *Id.* at 9.

[26] No. 20-5734, ECF Doc. No. 11.

[27] No. 20-5734, ECF Doc. No. 12.

[28] *Id.*

[29] No. 20-5734, ECF Doc. No. 108.

[30] ECF Doc. No. 3 at 4.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.* at 4–5.

[35] *Id.* at 4 (Mr. Medina circled February 10, 2023 on a copy of his Docket attached to the Complaint and alleges "[c]ase No: CR-2239 was vacated on 2/10/22 [sic] for false affidavit [and] no probable cause"); *Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[36] ECF Doc. No 3-1; (attaching *Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.)).

[37] ECF Doc. No. 3 at 5.

[38] *Id.* at 2–4.

[39] *Id.* at 1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a damages action, "even absent statutory authorization," against federal officers who violated the Fourth Amendment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (citing *Bivens*, 403 U.S. at 397).

[40] ECF Doc. No. 3 at 1.

[41] *Id.* at 4.

[42] *Id.* at 4–5.

[43] *Id.* at 4.

17

[44] *Shane v. Fauver*, 213 F.3d 113, 116 n. 2 (3d Cir. 2000).

[45] 28 U.S.C. § 1915A(a).

[46] 28 U.S.C. § 1915A(b).

[47] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[49] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[50] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)) (internal quotations omitted).

[51] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244).

[52] *Id.* (quoting *Mala*, 704 F.3d at 245) (italics added).

[53] ECF Doc. No. 3 at 2.

[54] No. 20-5734, ECF Doc. No. 7 at 3, ECF Doc. No. 12 at 6.

[55] 42 U.S.C. § 1983.

[56] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[57] *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993)); *Bishop v. Upper Darby Police Dep't*, No. 15-6069, 2018 WL 2359241, at *3 (E.D. Pa. May 24, 2018); *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001).

[58] *Gayle v. Dorward*, 440 F. Supp 3d 409, 413 (E.D. Pa. 2020) (citing *Monell v. Dept. of Social Services.*, 436 U.S. 658, 649 (1978) and *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993)).

[59] *Dennis v. Evans*, No. 09-0656, 2011 WL 900911, at *5 (M.D. Pa. Feb. 2, 2011) (dismissing a claim against a municipal police department because it is not a proper party in a section 1983 action).

[60] *Geiger v. Conroy,* No. 22-2458, 2022 WL 4585520, at *3 (E.D. Pa. Sept. 29, 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690 n. 55).

[61] *Graham,* 473 U.S. at 165–66 (quoting *Monell*, 436 U.S. at 690 n. 55).

[62] *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell*, 436 U.S. at 691.

[63] *McTernan v. City of York*, 564 F.3d 636, 657–58 (3d. Cir. 2009); *Natale v. Camden City Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

[64] *Jacobs v. Zampiri*, No. 22-2861, 2023 WL 289708, at *3 (E.D. Pa. Jan. 17, 2023) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)).

[65] *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir.1995)).

[66] *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013).

[67] *Jacobs*, 2023 WL 289708, at *3 (citing *Iqbal*, 556 U.S. at 678).

[68] *Santiago v. Hulmes*, No. 14-07109, 2015 WL 1422627, at *4 (E.D. Pa. March 30, 2015) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009)).

[69] *Jacobs*, 2023 WL 289708, at *3.

[70] *Id.*

[71] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[72] *Id.*

[73] *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (internal citations omitted).

[74] *Dennis*, 2011 WL 900911, at *6–7.

[75] *Id.* at *6.

[76] *Santiago*, 2015 WL 1422627, at *4.

[77] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[78] *Curry v. Yachera*, No. 14-5253, 2015 WL 1186014, at *3 (E.D. Pa. Mar. 13, 2015), *aff'd as modified*, 835 F.3d 373 (3d Cir. 2016).

[79] *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 286–87(1994)).

[80] *Id.* (citing *Marable v. West Pottsgrove Twp.*, No. 05–3080, 176 F. App'x 275, 280–81 (3d Cir. Apr. 19, 2006); *Marable v. West Pottsgrove Twp.*, No. 03–3738, 2005 WL 1625055, at *7 (E.D. Pa. Jul.8, 2005) (finding malicious prosecution and false arrest claims fail because nolo contendere plea barred claim under *Heck*); *Jackson v. City of Phila., et al.,* No. 08-4494, 328 F. App'x 762, 763 (3d Cir. May 27, 2009) (finding plaintiff's nolo contendere plea precluded relief for false arrest/false conviction claim under *Heck*).

[81] ECF Doc. No. 3 at 4.

[82] *See Santiago*, 2015 WL 1422627, at *4 ("Plaintiffs do not allege what they believe actually happened the day of the arrest."); *Dennis*, 2011 WL 900911, at *6 ("[T]he plaintiff failed to state which statements were false, what information was omitted from the affidavit of probable cause, and why the statement '. . . eight proscription [sic] pills, namely, xanax . . . ,' is false.").

[83] ECF Doc. No. 3 at 4.

[84] *Id.*

[85] ECF Doc. No. 3-1 at 2; *Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.) ("Scheduling Order – Evidentiary Hearing 4/14/23").

[86] *United States v. Richardson*, 1 F. Supp. 2d 495, 497 (D.V.I. 1998) ("[I]t is clear that the general rule is that defendants do not have standing to raise a third-party's Fifth Amendment violations for their own defense.").

[87] *Id.* As we explained in our December 30, 2020 and February 25, 2021 Orders Mr. Medina does not have standing to bring claims on behalf of Mr. Rivera. *See* No. 20-5734, ECF Doc. No. 7 at 3 (dismissing Mr. Medina's excessive force claim brought on his nephew's behalf); No. 20-5734, ECF Doc. No. 12 at 6 (dismissing Mr. Medina's excessive force claim brought on his nephew's behalf).

[88] *Twombly*, 550 U.S. at 577; *Santiago*, 2015 WL 1422627, at *4 (finding alleging an officer's accusations were false is a "naked assertion" without "further factual enhancement"); *Dennis*, 2011 WL 900911, at *6.

[89] *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010).

[90] *Dennis*, 2011 WL 900911, at *7 (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) and *Baker v. McCollan*, 443 U.S. 137, 142 (1979)).

[91] *Id.* (citing *Groman*, 47 F.3d at 636).

[92] *Id.* (citing *Groman*, 47 F.3d at 636).

[93] *Id.*

[94] *Id.* (citing *Baker*, 443 U.S. at 142).

[95] *Id.*

[96] *Id.*

[97] *Fitzgerald v. Martin*, No. 16-3377, 2017 WL 3310676, at \*9 (E.D. Pa. Aug. 3, 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

[98] 28 U.S.C. § 1915A(b)(2).

[99] ECF Doc. No. 3 at 4.

[100] ECF Doc. No. 3-1 at 2; *Docket: Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[101] *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010) (internal citation omitted).

[102] We remind Mr. Medina of his pending case, *Medina v. Little*, et al., No. 23-886, already suing supervisors and employees at SCI Phoenix for, among other things, medical negligence for surgeries he received to treat his tonsillitis. *See* No. 23-886, ECF Doc. No. 1.