**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM OMAR MEDINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-1057** |
| | : | |
| **DET. SAL APRILE, SGT. ERIC STAUFFER** | : | |

# MEMORANDUM

**KEARNEY, J.** **May 12, 2023**

Two Allentown police officers looking for stolen cars arrested Koby Rivera and his uncle William Omar Medina on March 12, 2019 after seeing Mr. Rivera running from a known stolen car. The police charged Mr. Medina with possessing brass knuckles. Officers took Messrs. Rivera and Medina to the police station. Mr. Medina invoked his right to counsel and remained silent. His nephew Koby Rivera did not. Mr. Rivera instead confessed to two armed robberies and implicated Mr. Medina in them as well. The police then again arrested and charged Mr. Medina with two armed robberies on March 14, 2019. The police later dismissed the brass knuckles charge. Mr. Medina pleaded no contest to the armed robbery charges.

Mr. Medina then alleged state actors and others violated his rights arising from these two March 2019 arrests in five different Complaints in our Court. We dismissed many of his earlier claims before trial for a variety of grounds except allowing his excessive force claim against one of the March 12 arresting officers to proceed to a jury. The jury returned a verdict for the officer. We dismissed Mr. Medina's most recent *pro se* claims of false arrest, false imprisonment, and state law claims arising from these same two March 2019 arrests six weeks ago with leave to amend. He amended and we again screen his allegations. We now dismiss his federal claims with prejudice and decline to exercise supplemental jurisdiction over his state law claims.

## I. Alleged *pro se* facts and matters of public record.[1]

The Allentown Police Department Auto Theft Task Force investigated a stolen Honda Accord at an Autozone parking lot on March 12, 2019.[2] An unidentified person informed Sergeant Eric Stauffer of the stolen vehicle.[3] Sergeant Stauffer arrived at the parking lot and saw Koby Rivera run from the stolen vehicle—which had been parked across the street from the Autozone parking lot at a Super 8 Motel—and toss an AR-15 rifle.[4] Sergeant Stauffer arrested Mr. Rivera.[5]

William Medina, Mr. Rivera's uncle, drove to the Autozone parking lot with his girlfriend Melanie Soto at some unpleaded time the same day.[6] Mr. Medina and Ms. Soto met Toni Gruver—who seems to have had a relationship with Mr. Rivera—in the parking lot to give her money to buy parts for Ms. Soto's car.[7] Allentown Police Officer Sal Aprile placed Mr. Medina in investigative detention when Mr. Medina exited his car.[8]

Officer Aprile then arrested and charged Mr. Medina for possessing brass knuckles on March 12, 2019.[9] Sergeant Stauffer placed Ms. Gruver and her son Papito Rivera in the police vehicle with Mr. Rivera.[10] Sergeant Stauffer then used "a coercive tactic" to get consent from Ms. Gruver to search the room she rented at the Super 8 Motel (across the street from the Autozone store) with Mr. Rivera.[11]

Officers took Mr. Medina and Mr. Rivera to the police station. Sergeant Stauffer attempted to interview Mr. Medina.[12] But Mr. Medina invoked his right to counsel.[13]

Sergeant Stauffer later became "aggressive in a malicious manner" when he failed to get Mr. Medina to talk about the stolen vehicle.[14] So, Sergeant Stauffer attempted to implicate Mr. Medina in an armed robbery through Mr. Rivera.[15] Sergeant Stauffer showed Mr. Rivera an affidavit which stated a victim died by a homicide in an armed robbery.[16] Mr. Rivera confessed to

his involvement in two armed robberies and also implicated Mr. Medina in the two armed robberies.[17]

Sergeant Stauffer arrested Mr. Medina for the two armed robberies on March 14, 2019.[18]

***The Commonwealth dismissed the charges stemming from the March 12, 2019 arrest.***

The Commonwealth dismissed the charges against Mr. Medina stemming from the March 12, 2019 arrest in the Autozone parking lot for possessing brass knuckles on November 5, 2021.[19] The Commonwealth never charged Mr. Medina for the theft of the stolen vehicle.[20]

***Mr. Medina pleads no contest to his March 14, 2019 robbery charges.***

Mr. Medina pleaded no contest to the robbery charges on October 19, 2021 stemming from his March 14, 2019 arrest.[21] But Mr. Medina now alleges this plea amounted to "a coerced nolo contest [*sic*] plea" due to the Commonwealth providing him with "last minute disclosures of transcripts by [Officer Aprile]" which "proved [Mr. Medina's] innocence . . . that Mr. Medina didn't engage in any criminal activity[.]"[22]

## II. Analysis

Mr. Medina is now trying for the fifth time to plead Officer Aprile and Sergeant Stauffer violated his constitutional rights during the March 12, 2019 and March 14, 2019 arrests.[23] Mr. Medina again alleges Officer Aprile: (1) testified Mr. Medina had not entered, exited, or fled a stolen vehicle at a state court suppression hearing on May 29, 2019; and (2) testified a flyer used to identify Mr. Medina in the armed robbery arrest did not depict Mr. Medina at a state court suppression hearing on February 16, 2021.[24] Mr. Medina claims Officer Aprile arrested Mr. Medina on March 12, 2019 without probable cause because Mr. Medina had not been engaging in any suspicious or criminal activity to establish probable cause.[25] But Officer Aprile "ambushed" Mr. Medina when he got out of his car.[26]

Mr. Medina then turns to Sergeant Stauffer alleging he falsified an affidavit of probable cause leading to Mr. Medina's March 12, 2019 arrest at the Autozone parking lot.[27] Sergeant Stauffer reported he saw Mr. Medina entering, exiting, and fleeing a stolen vehicle being investigated by Officer Aprile.[28] But Mr. Medina disputes the truthfulness of Sergeant Stauffer's account given Sergeant Stauffer had not been present during Officer Aprile's arrest of Mr. Medina.[29] Mr. Medina alleges he never fled from the stolen vehicle.[30]

Mr. Medina also challenges the "illegal confession" Sergeant Stauffer elicited from Mr. Rivera which led to Mr. Medina's March 14, 2019 arrest for the two armed robberies.[31]

Mr. Medina *pro se* sues Officer Aprile and Sergeant Stauffer claiming they violated his civil rights. Construing his amended Complaint liberally, Mr. Medina attempts to bring both new and re-pleaded claims including:

- A re-pleaded Fourth Amendment claim against Officer Aprile and Sergeant Stauffer for their unlawful arrests, and by falsely imprisoning him;[32]
- A new Fourth Amendment claim against Officer Aprile and Sergeant for unlawful searches and seizures;[33]
- A new civil conspiracy claim to conceal evidence of probable cause against Officer Aprile and Sergeant Stauffer when they violated his Fourteenth Amendment substantive due process rights;[34]
- A new claim against Officer Aprile, Sergeant Stauffer, and the City of Allentown for "municipal liability for indifference to constitutional rights[;]"[35]
- A re-pleaded claim for medical negligence against Officer Aprile and Sergeant Stauffer, and now the "Correctional Facility" for contracting COVID-19; and[36]

- New and re-pleaded earlier-dismissed state law claims for defamation, false light, *crimen falsi* (deceit), invasion of privacy, and intentional infliction of emotion distress.[37]

Mr. Medina claims to have suffered "[four years] of false arrest, false imprisonment, hospitalizations of COVID-19, and surgery due to after [e]ffects of COVID-19 that severely injured" his chronic tonsillitis.[38] Mr. Medina seeks immediate release from custody upon his vacated sentence, $12 million in monetary damages, declaratory judgment, and injunctive relief.[39]

Mr. Medina began this case two months ago against the Allentown Police Department, Officer Aprile, Sergeant Stauffer, and District Attorney David Mussel.[40] We granted Mr. Medina leave to proceed *in forma pauperis*.[41] We screened his Complaint under 28 U.S.C. § 1915(e)(2)(B).[42] We dismissed with prejudice his claims against the Allentown Police Department and District Attorney Mussel.[43] And we dismissed with prejudice Mr. Medina's claims against Officer Aprile and Sergeant Stauffer in their official capacities.[44] But we dismissed Mr. Medina's claims against Officer Aprile and Segreant Stauffer alleging Fourth and Fourteenth Amendment violations for false arrest and false imprisonment without prejudice.[45] We granted Mr. Medina leave to amend if he could show our Supreme Court's direction in *Heck v. Humphrey* did not bar his false arrest and false imprisonment claims.[46] And if Mr. Medina could plead specific facts—and not simply conclusory statements—to support these claims.[47]

Mr. Medina amended his Complaint.[48] Congress requires we again screen the incarcerated Mr. Medina's amended Complaint and dismiss if he cannot state a claim.[49] We must determine whether Mr. Medina pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[50] We must dismiss a claim if it "lacks an arguable basis either in law or in fact."[51] The use of the term "frivolous" in section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[52] '"At this early stage of the litigation,'

'[we will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[53] Conclusory allegations do not suffice.[54] We construe Mr. Medina's *pro se* allegations liberally.[55]

Mr. Medina seeks money damages and other relief for violations of his constitutional rights. Congress allows constitutional claims filed in federal court under 42 U.S.C. § 1983. "To state a claim under [section] 1983, [Mr. Medina] must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[56]

**A. We dismiss Mr. Medina's declaratory relief claim for past conduct with prejudice.**

Mr. Medina seeks, along with monetary damages, "a declaratory judgment."[57] Mr. Medina does not specify what type of declaratory relief he seeks. When construing his amended Complaint liberally, we interpret his request as asking us to declare the state actors violated his constitutional rights.

But Mr. Medina's request for declaratory relief is improper because declaratory relief is not available to adjudicate past conduct.[58] A declaratory judgment is not "meant simply to proclaim that one party is liable to another."[59] We dismiss the declaratory relief claim as to past conduct with prejudice.

**B. We dismiss Mr. Medina's claim seeking release from custody.**

Mr. Medina seeks "[i]mmediate release from custody upon vacated sentence[.]"[60] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[61] Mr. Medina has not brought

a habeas petition before us. We dismiss his claim for release from custody in this civil rights case with prejudice mindful he may separately seek habeas relief through a habeas petition.

**C. We dismiss Mr. Medina's references to possible claims against the Prison.**

Mr. Medina references "the Correctional Facility" which we construe as Lehigh County Prison where Mr. Medina had been incarcerated.[62] To the extent Mr. Medina is bringing a civil rights claim against the Prison, although as pleaded he brings a state law medical negligence claim, we dismiss this claim with prejudice because the Prison is not a "person" under section 1983.[63]

**D. We dismiss Mr. Medina's references to possible claims against the City.**

Mr. Medina references the City of Allentown alleging "municipal liability for indifference to constitutionals rights[.]"[64] We liberally interpret this allegation as claiming the City is liable for its direct conduct and in its municipal supervisory role under *Monell v. Department of Social Services*.[65]

Congress in section 1983 provides a civil remedy for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"[66] "Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated."[67] A municipality may be liable under section 1983 for a failure to train its employees, if the failure to train "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"[68] Municipal entities may also be liable under *Monell* for the constitutional violations of their employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged constitutional violations."[69]

Mr. Medina does not state a claim against the City under *Monell*. He offers no facts Officer Aprile or Sergeant Stauffer caused an alleged constitutional violation by the City's customs, policies, practices, or procedures, and how these policies gave rise to the violation of his

constitutional rights. And Mr. Medina offers no facts of a pattern of similar constitutional violations by untrained employees.

We dismiss Mr. Medina's claim against the City of Allentown with prejudice as we have already given Mr. Medina a good faith opportunity to amend. He has not done so after several attempts in this case and his related cases.

**E. We dismiss Mr. Medina's false arrest claims against Officer Aprile and Sergeant Stauffer in their individual capacities.**

Mr. Medina names and sues Officer Aprile and Sergeant Stauffer in their individual capacities for violating his Fourth Amendment rights by arresting him without probable cause on March 12, 2019 and March 14, 2019. We dismiss his false arrest claims with prejudice as we have given Mr. Medina an opportunity to cure these defects and amendment would be futile.

**1. Mr. Medina does not allege facts allowing us to plausibly infer constitutional liability arising from his March 12, 2019 false arrest claim.**

Mr. Medina claims Officer Aprile lacked probable cause for the March 12, 2019 arrest at the Autozone parking lot.

To bring a claim under section 1983 for false arrest, as we explained in our March 31, 2023 Memorandum, Mr. Medina must allege facts establishing an arrest without probable cause.[70] Probable cause exists when "facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."[71] Mr. Medina must allege facts suggesting the officers "lacked probable cause to believe he committed the offense" leading to his arrest.[72] Vague and conclusory allegations of false arrest are insufficient to state a plausible claim for relief.[73] "'[B]are-bones' allegations of falsehoods and fabrications" are not enough to sufficiently allege officers lack probable cause.[74]

Mr. Medina primarily relies on Officer Aprile's testimony from the May 29, 2019 suppression hearing where he testified Mr. Medina had not entered, exited, or fled a stolen vehicle to support his false arrest claim.[75] Mr. Medina contends he had not been engaging in any suspicious or criminal activity to establish probable cause on March 12, 2019.[76] But Officer Aprile "ambushed" him when he exited his vehicle, and proceeded to arrest and charge Mr. Medina for possessing brass knuckles.[77] The Commonwealth eventually dismissed the charges against Mr. Medina stemming from the March 12, 2019 arrest in the Autozone parking lot on November 5, 2021.[78] And Commonwealth had never charged Mr. Medina for the theft of the stolen vehicle.[79]

Mr. Medina also alleges Sergeant Stauffer falsified an affidavit of probable cause leading to his March 12, 2019 arrest.[80] Sergeant Stauffer swore he saw Mr. Medina entering, exiting, and fleeing a stolen vehicle being investigated by Officer Aprile.[81] But Mr. Medina disputes the truthfulness of Sergeant Stauffer's account given Sergeant Stauffer had not been present during Officer Aprile's arrest of Mr. Medina.[82] Mr. Medina alleges he never fled from the stolen vehicle.[83] But again, these "bare-bone[] allegations of falsehoods and fabrications" are not enough to sufficiently allege Officer Aprile lacked probable cause.[84]

Mr. Medina does not allege other facts to establish Officer Aprile lacked probable cause to arrest him. We accept Mr. Medina's fact allegations as true.[85] But we are not obligated to credit his legal conclusions.[86] Mr. Medina does not plead sufficient facts surrounding his arrest to support his legal conclusion Officer Aprile did not have probable cause to arrest him.

We dismiss Mr. Medina's false arrest claim for his March 12, 2019 arrest with prejudice having given Mr. Medina an opportunity to cure these defects. And, as we explain below, this claim is likely time-barred rendering an amendment futile.

**2. Mr. Medina does not allege facts allowing us to plausibly infer constitutional liability arising from his March 14, 2019 arrest.**

Mr. Medina claims Sergeant Stauffer lacked probable cause to arrest him on March 14, 2019 for the two armed robberies. Mr. Medina challenges the "illegal confession" Sergeant Stauffer elicited from Mr. Rivera which led to Mr. Medina's arrest for the two armed robberies.[87]

Mr. Medina pleaded nolo contendere to these robbery charges on October 19, 2021.[88] A nolo contendere is a "no contest" plea, and it is "equivalent to a plea of guilty" in Pennsylvania.[89] In *Heck v. Humphrey*, the Supreme Court held an individual could not recover damages under section 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."[90] Our Court of Appeals instructs a plea of nolo contendere is considered a conviction under *Heck*.[91] And "[p]robable cause is conclusively established in a § 1983 false arrest action where the record demonstrates that the plaintiff was convicted of the offense upon which the arrest was based, such as 'by guilty plea or conviction,' so long as the conviction has not been overturned."[92]

But *Heck* does not bar all Fourth Amendment claims.[93] "*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful.'"[94] So we must "determine whether each claim—if successful—would imply the invalidity of the conviction or sentence."[95]

Mr. Medina alleges his plea amounted to "a coerced nolo contest [*sic*] plea" due to the Commonwealth providing him with "last minute disclosures of transcripts by [Officer Aprile]" which "proved [Mr. Medina's] innocence . . . that Mr. Medina didn't engage in any criminal activity[.]"[96] But Mr. Medina repeatedly does not allege facts showing anyone reversed, expunged, or invalidated his March 14, 2019 charges. So Mr. Medina's complaint Sergeant Stauffer arrested

him without probable cause "would plainly imply the invalidity of [his] conviction," and thus "run afoul of *Heck*," unless he could demonstrate the state court overturned or invalidated his conviction.[97] Mr. Medina does not allege this action. And our independent review of the publicly available docket confirms no state court reversed, expunged, or invalidated the robbery charges.[98]

We dismiss Mr. Medina's false arrest claim stemming from his March 14, 2019 arrest. We also acknowledge Mr. Medina's claims alleging a false arrest, false imprisonment, or an illegal search, under the Fourth Amendment stemming from the March 12, 2019 and March 14, 2019 arrests appear to be time-barred rendering an amendment futile.[99]

**F. We dismiss Mr. Medina's false imprisonment claims against Officer Aprile and Sergeant Stauffer.**

Mr. Medina alleges Officer Aprile and Sergeant Stauffer violated his Fourth and Fourteenth Amendment rights when wrongfully incarcerating him. We dismiss his false imprisonment claims with prejudice.

"A false imprisonment claim under 28 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law."[100] A claim for false imprisonment arises when a person is arrested without probable cause and is then detained because of the unlawful arrest.[101] A claim for false imprisonment based on a false arrest "is grounded in the Fourth Amendment's guarantee against unreasonable seizures."[102] To bring a successful false imprisonment claim Mr. Medina must allege sufficient facts to show the arrest lacked probable cause.[103]

Mr. Medina challenges his imprisonment stemming from both arrests. But Mr. Medina fails to sufficiently allege facts showing his arrests lacked probable cause. So his false imprisonment claims for both arrests must fail. And Mr. Medina cannot proceed on this claim related to the March 14, 2019 arrest in any event unless he can plead facts allowing us to plausibly infer the state

court reversed, expunged, or invalidated his state court convictions. He does not do so. Like his claims for false arrest, his claim for false imprisonment is also time barred.

We dismiss Mr. Medina's false imprisonment claims for his arrests with prejudice as an amendment would be futile.

**G. We dismiss Mr. Medina's unreasonable search and seizure claims against Officer Aprile and Sergeant Stauffer.**

Mr. Medina alleges Officer Aprile and Sergeant Stauffer violated his rights under the Fourth Amendment to be free from unreasonable searches and seizures. Mr. Medina pleads little to no facts in support of this claim. But when construed liberally, we interpret his claims as either relating to Officer Aprile's search of Mr. Medina before his March 12, 2019 arrest, some unknown searches while incarcerated following his arrests, or Sergeant Stauffer's search of Ms. Gruver's hotel room.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"[104] "Although the underlying command of the Fourth Amendment is always that searches and seizures be reasonable, what is reasonable depends on the context within which a search takes place."[105] To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, Mr. Medina must plead the circumstances under which the search arose.[106]

Mr. Medina pleads no facts or context regarding the circumstance of any search or seizure against him. He only alleges Officer Aprile "searched [him] [without] probable cause as [he] wasn't doing any suspicious or criminal activity to establish probable cause."[107] And to the extent Mr. Medina is claiming an unreasonable search or seizure occurred while he remained incarcerated following his arrests, our Court of Appeals has held an individual's Fourth Amendment right "to be free from unreasonable searches[ ] is fundamentally inconsistent with incarceration."[108] So an

incarcerated individual has "a limited right of bodily privacy, subject to reasonable intrusions necessitated by the prison setting."[109] But Mr. Medina pleads no facts in support of this claim.

Mr. Medina's Fourth Amendment challenge to the search of Ms. Gruver's hotel room is also flawed. To the extent Mr. Medina seeks to bring a Fourth Amendment claim on Ms. Gruver's behalf, he does not have standing.[110]

We dismiss Mr. Medina's unpleaded Fourth Amendment claim with prejudice after already providing him with an opportunity to amend.

**H. We dismiss Mr. Medina's civil conspiracy claim to conceal evidence.**

Mr. Medina newly alleges a civil conspiracy to conceal evidence of probable cause against Officer Aprile and Sergeant Stauffer when they violated his Fourteenth Amendment substantive due process rights.[111]

To prevail on a conspiracy claim under section 1983, Mr. Medina must prove persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights—here, his substantive due process rights.[112] Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law[.]"[113] The Fourteenth Amendment's Due Process Clause protects both substantive and procedural due process rights.[114] The relevant inquiry in determining whether government conduct violates substantive due process "is whether the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."[115]

As for the conspiracy aspect of a Section 1983 conspiracy claim, Mr. Medina's "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."[116] The elements of a claim of conspiracy to violate federal civil rights are: "(1) two or more persons conspire to deprive any person of [constitutional

rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under section 1983 "the conspirators act 'under the color of state law.'"[117] And we are mindful "[a] conspiracy claim cannot be based merely on suspicion or speculation."[118]

Mr. Medina pleads no facts to show Officers Aprile and Sergeant Stauffer conspired to deprive him of his constitutional rights, or even individually deprived him of his constitutional rights. Mr. Medina's conclusory allegations "with no supporting factual averments are insufficient" as he does not "present facts tending to show agreement and concerted action."[119]

We dismiss Mr. Medina's civil conspiracy claim with prejudice as we have given Mr. Medina an opportunity to amend his Complaint.

### I. We will not exercise supplemental jurisdiction over state law claims.

Mr. Medina invoked our limited federal question jurisdiction. We dismiss all his claims over which we have original jurisdiction. But Mr. Medina also brings state law claims for intentional infliction of emotional distress, medical negligence, defamation, false light, *crimen falsi* (deceit), and invasion of privacy.[120]

We could exercise supplemental jurisdiction over Mr. Medina's state law claims under 28 U.S.C. § 1367(a). But our supplemental jurisdiction is discretionary.[121] We may consider our supplemental jurisdiction sua sponte.[122] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exists:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[123]

We decline to exercise supplemental jurisdiction over Mr. Medina's state law claims for intentional infliction of emotional distress, medical negligence, defamation, false light, *crimen falsi* (deceit), and invasion of privacy because we dismissed all claims over which we have original jurisdiction.[124]

## III. Conclusion

We dismiss with prejudice Mr. Medina's claims in his amended Complaint seeking declaratory relief for past conduct and release from custody, and any potential claims against the Prison and the City of Allentown because efforts to amend would be futile. We also dismiss with prejudice Mr. Medina's fifth attempt to plead Officer Aprile and Sergeant Stauffer violated his constitutional rights during the March 12, 2019 and March 14, 2019 arrests, as he fails to state a claim and these claims are time-barred. We will not exercise our supplemental jurisdiction over Mr. Medina's state law claims. We dismiss Mr. Medina's latest federal constitutional claims in this case arising from his March 12, 2019 and March 14, 2019 arrests with prejudice having afforded him an opportunity to amend consistent with our detailed March 31, 2023 Memorandum detailing the deficiencies in his Complaint.

---

[1] We may take judicial notice of publicly available records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). We derive facts from Mr. Medina's amended Complaint (ECF Doc. No. 14), and publicly available records including the state court dockets and Mr. Medina's amended Complaint in *Medina v. Allentown Police Department*, No. 20-5734 (ECF Doc. No. 11), where he sues the Allentown Police Department, Sergeant Eric Stauffer, and Officer Sal Aprile, alleging more detailed facts related to the same March 12, 2019 and March 14, 2019 arrests at issue here.

[2] ECF Doc. No. 14 at 1.

[3] *Id*.

---

[4] *Id*. at 1–2.

[5] *Id*. at 2.

[6] *Id*. at 1.

[7] *Id*.

[8] *Id*.

[9] *Id*. at 4.

[10] *Id*. at 2.

[11] *Id*.

[12] *Id*. at 3.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.; *see also Medina v. Allentown Police Department*, No. 20-5734, ECF Doc. No. 11 at 3.

[18] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[19] ECF Doc. No. 14 at 4; *see also Commonwealth v. Medina*, CP-39-CR-0002240-2019 (Lehigh Cnty. Com. Pl.).

[20] ECF Doc. No. 14 at 4.

[21] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[22] ECF Doc. No. 14 at 6.

[23] *Id*. at 10–12. As we explained in more detail in our March 31, 2023 Memorandum dismissing Mr. Medina's Complaint (ECF Doc. No. 7), Mr. Medina first sued Allentown Police Department on November 16, 2020 for the March 12 and 14, 2019 arrests claiming excessive force, excessive force on a non-party, unlawfully searching a hotel room, and coercing a non-party confession. *See* No. 20-5734, ECF Doc. No. 1. We explained Mr. Medina could not proceed on his civil rights claim against the Allentown Police Department because it is not a person subject to civil rights liability, he did not adequately plead an excessive force claim, and he did not have standing to sue on his nephew's behalf. No. 20-5734, ECF Doc. No. 7 at 2–3. We abstained from hearing Mr. Medina's Fourth and Fifth Amendment claims under *Younger* because of the pending state court

proceedings. *Id.* at 3–4. We dismissed Mr. Medina's Complaint with leave to amend to name a person and state a cognizable claim. *Id*. at 1.

Mr. Medina timely amended his Complaint on January 8, 2021 bringing civil rights claims against the Honorable Douglas G. Reichley under the Eighth Amendment for failing to reduce excessive bail, District Attorney Mussel under the Fifth and Sixth Amendments for failing to diligently bring him to trial, Defense Attorney Sean Poll for ineffective assistance of counsel, and an indiscernible claim against Sergeant Stauffer. No. 20-5734, ECF Doc. No. 8. We dismissed his claims against Judge Reichley and District Attorney Mussel as they are immune for conduct within their judicial and prosecutorial capacity. No. 20-5734, ECF Doc. No. 9 at 7–8. We dismissed Mr. Medina's ineffective assistance of counsel claim against Defense Attorney Poll because it is not actionable under section 1983. *Id.* at 8. And we dismissed Mr. Medina's claims against Sergeant Stauffer because he did not state a legally cognizable claim. *Id.* We also dismissed an intentional infliction of emotional distress claim because Mr. Medina did not allege outrageous conduct. *Id.* at 8–9. We granted Mr. Medina leave to file a second amended Complaint. *Id.* at 9.

Mr. Medina filed a second amended Complaint on February 16, 2021 suing the Allentown Police Department, Sergeant Stauffer, and Officer Aprile for excessive force, excessive force on a non-party, unlawfully searching a hotel room, unlawful arrest, coercing a non-party confession, and using a coerced non-party confession against him. No. 20-5734, ECF Doc. No. 11. We again dismissed all claims against Allentown Police Department because it is not subject to civil rights liability. No. 20-5734, ECF Doc. No. 12. We dismissed all claims against Sergeant Stauffer and Officer Aprile except Mr. Medina's excessive force claim for the March 12, 2019 arrest. *Id.* Mr. Medina tried his excessive force claim and our jury found Sergeant Stauffer did not use excessive force against Mr. Medina during his March 12, 2019 arrest. No. 20-5734, ECF Doc. No. 108.

Mr. Medina tried again to bring civil rights claims against the Allentown Police Department, Sergeant Stauffer, Officer Aprile, and District Attorney Mussel for both of his March 2019 arrests on March 13, 2023. *See* No. 23-1057, ECF Doc. No. 3. We dismissed his first Complaint with leave to amend his Fourth Amendment claims against Sergeant Stauffer and Officer Aprile in their individual capacities. *See* ECF Doc. Nos. 7, 8. We now screen Mr. Medina's amended Complaint.

[24] ECF Doc. No. 14 at 7.

[25] *Id*.

[26] *Id*.

[27] *Id*. at 5.

[28] *Id*.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 3.

[32] *Id*. at 10.

[33] *Id*.

[34] *Id*. at 12.

[35] *Id*. at 11.

[36] *Id*. at 11–12.

[37] *Id*.

[38] *Id*. at 10.

[39] *Id*. at 10–12.

[40] ECF Doc. No. 3.

[41] ECF Doc. No. 6.

[42] ECF Doc. Nos. 7, 8.

[43] ECF Doc. No. 7 at 6–7.

[44] *Id*. at 7–8.

[45] *Id*. at 8–13.

[46] *Curry v. Yachera*, No. 14-5253, 2015 WL 1186014, at *3 (E.D. Pa. Mar. 13, 2015), *aff'd as modified*, 835 F.3d 373 (3d Cir. 2016) (quoting *Heck v. Humphrey*, 512 U.S. 477, 286–87 (1994)).

[47] ECF Doc. No. 7 at 8–13.

[48] ECF Doc. No. 14.

[49] *Shane v. Fauver*, 213 F.3d 113, 116 n. 2 (3d Cir. 2000).

[50] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[51] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[52] *Id.*

[53] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[54] *Iqbal*, 556 U.S. at 678.

---

[55] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[56] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[57] ECF Doc. No. 14 at 12.

[58] *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

[59] *Corliss*, 200 F. App'x at 84; *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[60] ECF Doc. No. 14 at 10.

[61] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

[62] ECF Doc. No. 14 at 11–12. Mr. Medina mailed his amended Complaint to us from the Lehigh County Prison on May 2, 2023. *Id.* at 25. Mr. Medina notified us today of his change of address to SCI Phoenix in another case. *See Medina v. Little, et al.*, No. 23-886, ECF Doc. No. 15.

[63] *Merritt v. Hartman*, No. 19-2008, 2019 WL 2600953, at *2 (E.D. Pa. June 25, 2019) ("The § 1983 claim against Lehigh County Prison is dismissed with prejudice because a jail is not a 'person' under Section 1983."); *see also Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

[64] ECF Doc. No. 14 at 11.

[65] 436 U.S. 658 (1978).

[66] 42 U.S.C. § 1983.

[67] *Ekwunife v. City of Phila.*, 245 F. Supp. 3d 660, 670 (E.D. Pa. 2017), *aff'd*, 756 F. App'x 165 (3d Cir. 2018) (quoting *Goff v. Kutztown Univ.*, 63 F. Supp. 3d 475, 480 (E.D. Pa. 2014) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

[68] *Id.* at 674 (internal citations omitted).

---

[69] *Williams v. Toomey*, 808 F. App'x 66, 69 (3d Cir. 2020) (citing *Monell*, 436 U.S. at 690–92).

[70] *Jacobs v. Zampiri*, No. 22-2861, 2023 WL 289708, at *3 (E.D. Pa. Jan. 17, 2023) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)).

[71] *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir.1995)).

[72] *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013).

[73] *Jacobs*, 2023 WL 289708, at *3 (citing *Iqbal*, 556 U.S. at 678).

[74] *Santiago v. Hulmes*, No. 14-07109, 2015 WL 1422627, at *4 (E.D. Pa. March 30, 2015) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009)).

[75] ECF Doc. No. 14 at 7.

[76] *Id*.

[77] *Id*. at 4, 7.

[78] ECF Doc. No. 14 at 4; *see also Commonwealth v. Medina*, CP-39-CR-0002240-2019 (Lehigh Cnty. Com. Pl.).

[79] ECF Doc. No. 14 at 4.

[80] *Id*. at 5.

[81] *Id*.

[82] *Id*.

[83] *Id*.

[84] *Santiago*, 2015 WL 1422627, at *4 (quoting *Fowler*, 578 F.3d at 210).

[85] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[86] *Id.*

[87] ECF Doc. No. 14 at 3.

[88] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.).

[89] *Curry*, 2015 WL 1186014, at *3.

[90] *Id*. (quoting *Heck*, 512 U.S. at 286–87).

[91] *Id*. (citing *Marable v. West Pottsgrove Twp*., No. 05–3080, 176 F. App'x 275, 280–81 (3d Cir. Apr. 19, 2006); *Marable v. West Pottsgrove Twp*., No. 03–3738, 2005 WL 1625055, at *7 (E.D. Pa. Jul.8, 2005) (finding malicious prosecution and false arrest claims fail because nolo contendere plea barred claim under *Heck*); *Jackson v. City of Phila., et al.*, No. 08-4494, 328 F. App'x 762, 763 (3d Cir. May 27, 2009) (finding plaintiff's nolo contendere plea precluded relief for false arrest/false conviction claim under *Heck*)).

[92] *Miller v. Victory*, No. 20-00183, 2022 WL 17128634, at *4 (W.D. Pa. Nov. 22, 2022) (citing *Berete v. Cortazzo*, No. 11–4111, 2012 WL 6628040, at *3 (E.D. Pa. Dec. 18, 2012)).

[93] *Lugo v. DeAngelo*, No. 19-1442, 2019 WL 2162139, at *2 (E.D. Pa. May 16, 2019) (*citing Heck*, 512 U.S. at 487 n. 7)). For example, a section 1983 claim alleging a defective search warrant is not categorically barred by *Heck*. *See Edwards v. Rice*, 837 F. App'x 86, 89 n. 3 (3d Cir. 2020). This is because "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful") (emphasis in original) (citation omitted). And false arrest and false imprisonment claims challenging the level of force used in the arrest or the conditions of imprisonment may not be barred by *Heck* because they need not address the validity of the conviction itself. *See Curry*, 2015 WL 1186014, at *3.

But Mr. Medina is not challenging a defective search warrant, the level of forced used in his arrest, or the conditions of his confinement. He instead claims Sergeant Stauffer lacked probable cause to arrest him on March 14, 2019 for the two armed robberies because he falsified an affidavit to coerce a confession from Mr. Rivera.

[94] *Lugo*, 2019 WL 2162139, at *2 (quoting *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223–24 (3d Cir. 2016)).

[95] *Id*. (internal citations omitted).

[96] ECF Doc. No. 14 at 6.

[97] *Miller*, 2022 WL 17128634, at *4.

[98] *See Commonwealth v. Medina*, CP-39-CR-0002239-2019 (Lehigh Cnty. Com. Pl.). The most recent docket entry dated May 4, 2023 indicates Judge Reichley is taking Mr. Medina's second amended Post-Conviction Relief Act Petition under advisement.

[99] Although the statute of limitations is an affirmative defense, we "may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required." *Peele v. McLaughlin*, 641 F. App'x 111, 112 (3d Cir. 2016). The timeliness of a section 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Brayboy v. Pagano*, No. 21-4247, 2022 WL 1173006, at *4 (E.D. Pa. Apr. 20, 2022) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). The Pennsylvania statute of limitations for a personal injury action is two years. *Id*. (citing

*Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). So, the limitations period applicable to Mr. Medina's section 1983 claims against Officer Aprile and Sergeant Stauffer is two years. And "[t]he statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal process.'" *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). For an illegal search claim, the claim accrues at the time the search took place. *See Barren v. Allegheny Cnty. Pennsylvania*, 607 F. App'x 130, 131 (3d Cir. 2015).

The allegations in the amended Complaint and the public docket sheets for the underlying criminal cases repeatedly confirm Officer Aprile arrested Mr. Medina on March 12, 2019 and Sergeant Stauffer arrested Mr. Medina on March 14, 2019, and detained him shortly after. But Mr. Medina did not file this case until March 13, 2023, nearly four years after his claims accrued.

[100] *Dennis v. Evans*, No. 09-0656, 2011 WL 900911, at *1 (M.D. Pa. Feb. 2, 2011), *report and recommendation adopted*, No. 09-656, 2011 WL 901187 (M.D. Pa. Mar. 14, 2011) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) and *Baker v. McCollan*, 443 U.S. 137, 142 (1979)).

[101] *Clark v. Detzky*, No. 19-7855, 2023 WL 3271150, at *3 (D.N.J. May 5, 2023) (citing *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011)).

[102] *Dennis*, 2011 WL 900911, at *7 (citing *Groman*, 47 F.3d at 636).

[103] *Id.*

[104] U.S. Const. amend. IV.

[105] *Maryland v. King*, 569 U.S. 435, 461–62 (2013) (internal citations and quotations omitted).

[106] *Jenkins v. Devoe*, No. 23-0383, 2023 WL 3007930, at *3 (E.D. Pa. Apr. 19, 2023).

[107] ECF Doc. No. 14 at 7.

[108] *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001).

[109] *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016).

[110] *See United States v. Richardson*, 1 F. Supp. 2d 495, 498 (D.V.I. 1998).

[111] ECF Doc. No. 14 at 12.

[112] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2019).

[113] U.S. Const. amend. XIV.

[114] *United States v. Salerno*, 481 U.S. 739, 746 (1987).

---

[115] *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

[116] *Langella v. Cercone*, No. 09-312, 2010 WL 2402971, at *4 (W.D. Pa. June 10, 2010) (quoting *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)).

[117] *Jutrowski*, 904 F.3d at 293–94, n. 15 (citing *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (quoting 42 U.S.C. § 1983)).

[118] *Blessing v. City of Latrobe*, No. 20-1212, 2022 WL 114077, at *9 (W.D. Pa. Jan. 12, 2022) (citing *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)).

[119] *Johnson v. Moran*, No. 12-313, 2013 WL 5671266, at *6 (W.D. Pa. Oct. 15, 2013) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)).

[120] We again remind Mr. Medina of his pending case, *Medina v. Little*, *et al*., No. 23-886, where he is already suing supervisors and employees at SCI Phoenix for, among other things, medical negligence for surgeries he received to treat his tonsillitis. *See* No. 23-886, ECF Doc. No. 1.

[121] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[122] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[123] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[124] 28 U.S.C. § 1367(c)(3).